**BENJAMIN J. CARMAN, ESQ.**
NV Bar # 12565
**SEAN FORBUSH, ESQ.**
NV Bar # 12741
**CARMAN COONEY FORBUSH PLLC**
4045 Spencer Street Suite A47
Las Vegas, NV 89119
Telephone: (702) 421-0111
Facsimile: (702) 516-1033
service@ccfattorneys.com
Attorneys for Defendant
State Farm Mutual Automobile Insurance Company

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| KAREN BRAMWELL-THOMAS, individually<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an entity licensed to do business in Nevada; DOES I through X; and ROE CORPORATIONS, XI through XX, inclusive<br><br>          Defendants | 2:23-cv-01188-RFB-VCF<br><br>~~PROPOSED~~ **DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Defendant State Farm Mutual Automobile Insurance Company and Plaintiff, Karen Bramwell-Thomas, by and through their respective counsel, submit this proposed discovery plan and scheduling order.

**Fed.R.Civ.P. 26(f) Conference**

The parties conducted their initial FRCP 26(f) conference on October 6, 2023, and there were no discovery disputes at that time. All parties agreed to exchange their rule 26 disclosures by **October 20, 2023,** which is two weeks after the FRCP 26(f) conference.

Based upon counsels' review of the evidence in this case, the parties now propose the following discovery plan:

**1. Discovery Cut-Off Date**: Defendant filed its petition for removal on January 22, 2020. Based upon the evidence reviewed by counsel, the parties require six months for discovery. Specifically, the parties request 180 days for discovery from the date of the initial rule 26 conference, which equates to a discovery cut-off date of **April 3, 2024**.

**2. Amending the Pleadings and Adding Parties**: The parties request that all motions to amend the pleadings or to add parties be filed by **January 4, 2024** — 90 days before the proposed close of discovery.

**3. Fed.R.Civ.P. 26(a)(2) Disclosures (Experts)**: The parties request the disclosure of experts be made on or before **February 3, 2024** — 60 days before the proposed discovery cut-off date. Disclosure of rebuttal experts shall be made by **March 4, 2024** — 30 days after the initial disclosure of experts.

**4. Dispositive Motions**: The date for filing dispositive motions shall not be later than **May 3, 2024** — 30 days after the proposed discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this proposed Discovery Plan and Scheduling Order, the date for filing

dispositive motions shall be extended to be not later than 30 days from the subsequent discovery cut-off date.

**5. Pretrial Order**: The date for filing the joint pretrial order shall not be later than **June 2, 2024** — 30 days after the cut-off date for filing dispositive motions.  In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after entry of an order deciding such motions, or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this discovery plan and scheduling order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

**6. Fed.R.Civ.P. 26(a)(3) Disclosures**: The disclosures required by Fed.R.Civ.P.26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

**7.    Extensions or Modifications of the Discovery Plan and Scheduling Order**: Any stipulation or motion must be made no later than 21 days before the subject deadline.  Requests to extend discovery deadlines must comply fully with LR 26-4.

**8.    Alternative Dispute Resolution**.  The parties met and conferred at the rule 26 conference regarding the possibility of using alternative dispute resolution processes, namely arbitration and mediation.

**9.    Alternative Forms of Case Disposition.**  The parties met and conferred regarding the use of a magistrate judge for all purposes or to submit to the Short Trial Program.

**10.** **<u>Electronic Evidence.</u>** The parties met and conferred regarding the use of electronic evidence and presenting the same to the jury. They will present evidence to the jury in a format that will be compatible with the Court's jury evidence display system, with each party responsible for preparing their respective exhibits to comply.

**11.** **<u>Consent to Service by Electronic Means through Electronic Mail.</u>** The undersigned consent to service of documents by electronic means via electronic mail and/or facsimile for all documents to be served outside of the CM/ECF system. Defendant State Farm Mutual Automobile Insurance Company can be formally served via emailing the documents to service@ccfattorneys.com .

**FRCP 26(f)(3) VIEWS AND PROPOSALS**

**A.** **Initial Disclosures:**

The parties agree to make initial disclosures on or before **October 20, 2023**.

**B.** **Subjects On Which Discovery May Be Needed:**

The parties agree that the subjects of discovery shall include liability, causation, and damages of all forms.

**C. Whether Discovery Should Be Conducted In Phases Or Be Limited To Or Focused On Particular Issues**

The parties agree that discovery need not be conducted in phases.

**D. Issues Regarding Disclosure Of Electronically Stored Information, Including The Form Or Forms In Which It Should Be Produced:**

The parties agree that no issues currently exist regarding the disclosure or discovery of electronically stored information.

**E.  Issues Regarding Claims Of Privilege Or Protection Of Pre-Trial Materials:**

The parties agree to act in a manner that protects information entitled to be kept confidential and to ensure that protection is limited to material entitled to any such protections.  The parties will work together, where possible, to establish an appropriate scope of discovery as it relates to privileged communications in Defendant's files.

**F.  Changes That Should Be Made In The Limitations On Discovery Imposed Under These Rules Or By Local Rule:**

None.

**G.  Orders That The Court Should Issue Under Rule 26(c)( or Rule 16(b) and (c):**

None at this time, though the parties may stipulate to such an order in the future to preserve materials protected by trade secret held by Defendant.

DATED   November 14, 2023

**CARMAN COONEY FORBUSH PLLC**

/s/Benjamin J. Carman
BENJAMIN J. CARMAN, ESQ.
SEAN FORBUSH, ESQ.
Attorneys for Defendant
State Farm Mutual Automobile Insurance Company

DATED   November 14, 2023

**HENNESS & HAIGHT INJURY LAW**

/s/Stephen J. Mendenhall
MARK G. HENNESS, ESQ.
STEPHEN J. MENDENHALL,
Attorneys for Plaintiff
Karen Bramwell-Thomas

IT IS SO ORDERED.

_____
Cam Ferenbach
United States Magistrate Judge

11-16-2023
DATED _____

**ORDER**